DLD-256                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2004
_____

IN RE: JOSEPH ARUANNO,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil No. 09-cv-05652)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 15, 2014
Before: SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed June 16, 2014)
_____

OPINION
_____

PER CURIAM

Pro se petitioner Joseph Aruanno, who is civilly committed to the Special

Treatment Unit Annex ("STU") in Avenel, New Jersey, filed an amended civil rights

complaint in the District Court against several STU employees. By order entered on June

8, 2011, the District Court dismissed all claims against all defendants, except an

excessive force claim against Officer Caldwell. The District Court then ordered the Clerk

to issue summons and the United States Marshal to serve summons and the amended

complaint upon Defendant Caldwell. Apparently, since that time the United States Marshal has been unable to locate Officer Caldwell, who no longer works at the STU.

In the interim, Aruanno sought appointment of counsel in the District Court. He also filed a motion in the District Court seeking recusal of Judge Martini on grounds that the Court has failed to assist him in serving his amended complaint.

On April 28, 2014, Aruanno filed the instant petition for a writ of mandamus, apparently requesting that this Court order the District Court to rule on his motions for recusal and for counsel.[1] He also asks us to order the District Court to compel the United States Marshal to serve his amended complaint.

On May 6, 2014, the District Court entered an order denying Aruanno's motion for recusal, and ordering the United States Marshal to "undertake reasonable efforts to ascertain in confidence the current address for service of Defendant Officer Caldwell, which efforts shall include, but shall not be limited to, contacting the Administrator of the Special Treatment Unit and the human resources office of the New Jersey Department of Corrections." The District Court further ordered that "if the Marshal obtains an address for service, then the Clerk shall issue summons and the Marshal shall serve the summons and the Amended Complaint upon Defendant Officer Caldwell, in accordance with Fed. R. Civ. P. 4. . ."[2]

---

[1] Aruanno seeks *in forma pauperis* status, which we grant.

[2] The docket reflects that the District Court earlier, on June 4, 2013, entered an order denying Aruanno's request for appointment of counsel.

Because Aruanno has now received the relief he sought in filing his mandamus petition, we will deny the petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). To the extent Aruanno complains of the District Court's earlier orders dismissing, in part, his amended complaint, and denying his request for appointment of counsel, those are matters for appeal, not mandamus.[3] Petitioner's apparent motion to be relieved of the service requirements is granted. His request for appointment of a "guardian to assist [him] in accessing the courts" is denied.

---

[3] Of course, any appeal would have to follow an appealable order and be filed at the appropriate time for us to have jurisdiction.